## M. H. CARR v. J. W. HOOPER *et al.*

43 253
56 678

1. MECHANICS' LIENS—*Priorities*—*Practice.* In an action to recover for labor and material furnished and to enforce a mechanic's lien, a jury trial was had; and after the verdict finding the amount of indebtedness was returned, the court, over objection, allowed the introduction of testimony to show the making and verification of the lien. *Held,* Not error; that the existence of a lien and the priorities of the lien-holders were questions for the court, and not for the jury.

2. ———— *Verification.* The verification of the lien before a notary public who is an attorney, and who has been consulted by the claimant prior to the verification in regard to the matters in dispute between him and the owner, when there is no action or proceeding begun or pending between the parties, will not invalidate the lien.

3. ———— *Property Subject.* Where work and material are furnished in the erection of five buildings upon a single lot under an entire contract with the owner, a lien attaches to the lot and buildings for

all the material and labor furnished, and the release of a part of such lot by the contractor from the lien, to enable the owner to secure a loan thereon, will not defeat the lien on the other portion of the lot.

4. EVIDENCE — *Findings — Verdict.* The evidence examined, and *held* to be sufficient to sustain the findings and verdict; and further, that no material error was committed in its reception.

*Error from Atchison District Court.*

THE opinion states the case.

*J. T. Allensworth,* and *L. F. Bird,* for plaintiff in error.
*C. D. Walker,* and *J. F. Tufts,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: J. W. Hooper brought an action against A. F. Groves and M. H. Carr, copartners under the name of Groves & Carr, for labor and material performed and furnished in plastering five houses and building chimneys thereon, and in constructing five cisterns, in pursuance of a verbal contract, at stipulated prices, on the east $137\frac{1}{2}$ feet of a lot in the city of Atchison. He alleged that the contract was made in July, 1887, that the work under the contract was completed about December 9, 1887, and that the material and work furnished under the terms of the contract were of the value of $734, on which there had been paid $307.10, leaving due and unpaid $426.90. He further alleged that on about the 5th of January, 1888, he made out and filed in the office of the clerk of the district court a sworn statement containing a list of the items of material and labor, and claimed a lien on the real estate on which the improvements were made. Several other parties, who claimed an interest in the real estate, were made defendants, and they filed answers setting up the nature and extent of their interests. M. H. Carr filed a separate answer, which was first a general denial; and he further answered that he had fully paid all of the demands of the plaintiff against him individually, as well as against A. F. Groves; and, as another defense, he alleged that he had been garnished

in various actions by the creditors of Hooper in the sum of $100, for the payment of which he will become liable when judgment shall have been entered against the plaintiff. And, finally, he alleged that by reason of the defective and unworkmanlike manner in which the cisterns were built by the plaintiff, he was damaged in the sum of $100. A trial was had before the court and a jury, and a verdict was rendered in favor of Hooper, awarding him $251.79. The mechanic's lien was foreclosed, and the priorities of the various liens found to exist were determined. M. H. Carr alone complains of the rulings of the court, and he brings this proceeding, asking a reversal of the judgment and decree of the court upon several grounds.

It is contended that the court erred in permitting the plaintiff to prove the execution of the mechanic's lien after the verdict of the jury had been returned. This objection is not tenable. The nature of the transaction between the owner and the contractor, and the indebtedness existing under the contract made between them, was submitted to and determined by the jury; but the question of the existence of the lien, and the determination of the priorities among the lien-holders, was for the court and not for the jury. The admission of testimony, therefore, to establish liens or to enable the court to settle the priorities was admissible after the discharge of the jury.

1. Mechanics' liens—priorities—practice.

Error is assigned on the exclusion of some testimony concerning the manner in which the cisterns were constructed, and the amount of damage suffered by reason of the defective character of the work done by the contractor. Some of the cisterns constructed by the plaintiff below were not walled up with brick or stone, but were merely cemented upon the earth, and the cement and lime cracked and fell off, so that the cisterns would not hold water. Others of the cisterns constructed were walled with brick, and cemented over the brick. Some questions were asked by the plaintiff in error as to what was the difference in value between a cistern constructed without a brick wall and one constructed with a brick

wall, to which objections were sustained. The rejection of this testimony was not error. According to the testimony, the agreement between the parties under which the cisterns were constructed was, that they should be constructed without brick walls, and in the manner in which they were built. The court permitted a full investigation of whether the work had been done in the manner contracted for, and also instructed the jury that the plaintiff could not recover unless he showed by a preponderance of the evidence "that he performed the labor in a workmanlike manner, and furnished the material, as by his verbal agreement he was bound to do." There was ample proof to sustain the contract claimed by Hooper, and the jury have found that such a contract was made. An examination of the record, too, shows that the court allowed full inquiry as to the nature of the contract, the character of the materials furnished, and the work performed by Hooper under that contract; and hence no substantial objection can be made to the rulings upon the testimony.

The plaintiff in error contends that the affidavit attached to the statement or claim of lien is fatally defective because it was made by the attorney of Hooper. It appears that the oath was administered by C. D. Walker, a notary public, who had been consulted by Hooper several times prior to the verification of the lien as to the matters in controversy between Carr and himself. There was no action or proceeding pending between them at that time. The lien was subsequently perfected, and this action was begun by Hooper, through his attorney, Walker, to foreclose the mechanic's lien. The lien is required to be verified by affidavit, and an affidavit may be made before any person authorized to take depositions. Among other officers, a notary public is authorized to take depositions, but it is provided by statute that the officer before whom depositions are taken must not be an "attorney of either party, or otherwise interested in the event of the action or proceeding." (Civil Code, § 350.) The taking of a deposition, therefore, or the making of an affidavit, by or before an officer who is an attorney of record of a party to an action or proceed-

ing, and to be used in that proceeding, is unauthorized. (*Foreman v. Carter*, 9 Kas. 681; *Warner v. Warner*, 11 id. 121; *Tootle v. Smith*, 34 id. 27; *Swearingen v. Howser*, 37 id. 126; *Schoen v. Sunderland*, 39 id. 758.)    It will be observed that the prohibition of the code is directed against one who is an attorney of a party to an action or proceeding, and the code contemplates that the affidavit or deposition so wrongfully taken or made is for use in a pending action or proceeding. A notary public who is an attorney of either party to an action, or who is interested in the event of the action, is not a proper person before whom to take depositions or verify pleadings or affidavits to be filed in that action.    In the present case, however, the affidavit was made before Walker when no action had been begun, and it does not appear that he was then an attorney of record of Hooper in any pending case, or ever had been.    He counseled Hooper with reference to the differences between the parties and with reference to the filing of the lien, but it was not then certain that there would be a necessity to foreclose the lien or that any action would ever be commenced by Hooper against Carr.    As a notary public, he possessed the general power to take depositions and affidavits, without exception or limitation.    None of the statutory disqualifications attached to him at that time, and the mere fact that he was an attorney at law, or that the affiant had consulted him with reference to the differences existing between the parties, is not sufficient to defeat the validity of the lien verified before him.

2. Verification.

The labor and material were furnished by Hooper upon an entire contract, and upon five buildings and five cisterns, all situated upon a single lot owned by the plaintiff in error.    In such case the lien attaches upon the whole estate for the value of the labor and material furnished. (*Worthley v. Emerson*, 11 Mass. 374; *Lax v. Peterson*, 44 N. W. Rep. 3; 15 Am. & Eng. Encyc. of Law, 73.)    The entirety of the contract is conceded by the plaintiff in error; but it appears that Hooper released the west 55 feet of the lot, on which two of the houses were erected, from any claim for labor and material used in their

17—48 KAS

construction. This was done by a receipt signed by him on November 22, 1887, prior to the filing of the lien. The receipt was given upon the application of Carr, who stated that he desired to obtain a loan on that portion of the property, and could not do so as long as any claim for material and labor existed against it, and that if the receipt was signed he would procure the loan and pay Hooper the amount of his claim from the money so obtained. The receipt was given, the loan was made, but no payment was made to Hooper. It is now contended that the contract being entire, a release of a part of the property from the lien discharged the whole of it, and that Hooper cannot claim a lien on any part of the property. Carr cannot avail himself of the release or obtain any advantage under it. As between him and Hooper, there was no consideration for the same, and the failure of Carr to carry out the proposition of paying Hooper from the money obtained on the loan operated as a fraud on Hooper, and Carr can claim no advantage thereby. A party may waive his lien on a portion of the property against which it exists without affecting the validity of the whole; but of course the mortgage given upon that portion of the lot released from the lien had priority over the claim of the plaintiff. We think the testimony was sufficient to sustain the findings of the jury, and that no substantial error was committed by the court.

3. Property subject to liens.

4, Evidence— findings— verdict.

Judgment affirmed.

All the Justices concurring.