JEROME MEIXELL v. D. J. GRIEST *et al.*

1. EVIDENCE—*Findings.* The evidence examined, and *held* to be sufficient to sustain the findings of fact by the court.

2. MECHANIC'S LIEN—*Release of Lien on Part of Property —Effect.* Where the owner of a city lot, for himself and as agent for the owner of an adjoining lot, makes an entire contract for the purchase of lumber for the erection of a house upon each of said lots without any agreement as to the quantity to be used in each house, and the same is so furnished and used, the person furnishing such lumber is entitled to a lien for the full amount due therefor, under the mechanic's lien law, upon both said lots and the improvements thereon, without making any apportionment between them; and, after part payment, a release of one lot from the lien, by consent of all parties, does not operate to release the remaining lot from the lien for the balance unpaid.

MEMORANDUM.— Error from Wyandotte district court; O. L. MILLER, judge. Action by D. J. Griest and Robert Garrett against Jerome Meixell, to enforce a mechanic's lien. Plaintiff recovered judgment, and defendant brings the case to this court. Affirmed. The opinion herein, filed July 6, 1895, states the material facts.

*U. Hoyt,* and *James M. Rees,* for plaintiff in error.

*McGrew, Watson & Watson,* for defendants in error.

The opinion of the court was delivered by

GARVER, J. : The errors assigned in this case and urged upon the court are on the findings of fact and conclusions of law made by the court. Counsel for plaintiff in error, at considerable length, recite the evidence introduced, and contend that it does not sustain the findings of fact. We think it is sufficient for that purpose, and, under the long-established rule of the supreme court, we cannot weigh the testimony

and say whether, in our judgment, it does not preponderate the other way. The court found that the claim sued for was due for lumber furnished for the erection of a building on a certain lot in Kansas City, Kas.; that at the time the contract therefor was made and the lumber furnished, one Willis Johnson owned said lot, Hester Johnson owning an adjoining lot; that Willis Johnson, for himself and as agent for Hester Johnson, made a contract with the plaintiffs to furnish certain lumber for the erection of two houses, one on each of said lots; that the lumber was delivered at said lots, and portions of it used in each house; that lumber to the value of that sued for was used in the house erected on the lot on which the lien is claimed in this action; and that a statement for the lien was filed within the statutory time after the completion of the building and the furnishing of the material.

The principal controversy is whether a material man is entitled to a lien where material is thus furnished for the erection of two separate houses, and it cannot be shown what particular lumber went into each. It must be admitted that in some cases when the material is so furnished, it may be very difficult for the trial court to make proper apportionment between the two houses, but it is not a difficulty which is necessarily insurmountable. In this case, the court has expressly found that lumber was used, to at least the extent to which the lien was allowed, for this particular house. It is not necessary to uphold such finding that there be direct and positive testimony that any particular lumber was so used. (*Rice v. Hodge*, 26 Kas. 164; *McGarry v. Averill*, 50 id. 362; *Shaw v. Thompson*, 105 Mass. 345.)

It is objected by the plaintiff in error that the court

was influenced in so finding by testimony admitted showing that the owner of the building and the defendant in error, when making a partial settlement of their accounts, agreed as to the amount of lumber that went into each house.   It is claimed that such testimony is not competent or admissible ; that a lien arises out of the furnishing of materials for and the added value which their use gives to the premises ; and that no such lien can arise out of a mere contract of the parties.   Conceding the correctness of this proposition, yet we think the testimony was competent as an admission of the owner of the property, while he was owner and in possession, and was properly considered by the court along with the other evidence in the case. (*Edwards v. Derrickson*, 28 N. J. Law, 39 ; *Ballou v. Black*, 17 Neb. 389 ; Whart. Ev., § 1156.)

Were not the defendants in error entitled to a lien on this lot and building, even without any special apportionment of the lumber between the two houses and without any finding of the amount of lumber actually used in this one?   The lumber furnished for both amounted to the sum of $603.55.   The sum of $356 being paid by Hester Johnson, her lot was released from any claim of lien thereon, and the balance of $247.55 was held as a lien against the other lot. In *Carr v. Hooper*, 48 Kas. 253, it was held :

"Where work and material are furnished in the erection of five buildings upon a single lot under an entire contract with the owner, a lien attaches to the lot and buildings for all the materials and labor furnished, and the release of a part of such lot by the contractor from the lien, to enable the owner to secure a loan thereon, will not defeat the lien on the other portion of the lot."

The same principle will apply in this case.   It is

the entirety of the contract which gives effect to such rule. In principle it can make no differencé that the lots are not owned by the same person, or that the buildings are erected upon a tract of land which is divided into two portions by a lot line. When the owners of two such contiguous lots join in making an entire contract for the erection of improvements upon both, they are held to pledge the credit of the whole property, and each part thereof, to the payment of the sum which they have thus jointly and severally bound themselves to pay. Under facts similar to those of *Carr v. Hooper*, supra, the supreme court of Massachusetts, in *Wall v. Robinson*, 115 Mass. 429, applied the same rule, holding that the labor upon each building created a lien on the whole premises. In *Batchelder v. Rand*, 117 Mass. 176, a similar question arose before the same court as to the right to a mechanic's lien when the houses were on separate but adjoining lots, and the court held that, as the buildings were erected under an entire contract, each lot was subject to a lien for the improvement on all. To the same effect are : *Doolittle v. Plenz*, 16 Neb. 153 ; *Willamette Steam Mill L. and R. Co. v. Shea*, 24 Ore. 40 ; *Philips v. Gilbert*, 101 U. S. 721 ; *Pennock v. Hoover*, 5 Rawle, 291 ; *Miller v. Shepard*, 50 Minn. 286 ; *Fullerton v. Leonard*, 52 N. W. Rep. (S. D.) 325 ; *Sergeant v. Denby*, 87 Va. 206 ; *Williams v. Judd-Wells Co.*, 59 N. W. Rep. (Iowa) 271. The release of one lot from the lien, with the consent of all parties concerned, would not release the remaining lot. (*Carr v. Hooper*, supra.)

Under either view of the facts, therefore, the court properly held the lot in controversy subject to the lien for the amount due. Meixell purchased the property subject to this right of lien, and is bound to the same extent his grantor was.

The newly-discovered evidence presented on the motion for a new trial was merely cumulative, and it was not error for the court to refuse a new trial on that ground. (*City of Olathe v. Horner*, 38 Kas. 312; *Douglass v. Anthony*, 45 id. 439.) The judgment will be affirmed.

All the Judges concurring.