No. 8646.

HESS FLUME COMPANY *v.* LA JUNTA SUBURBAN LAND COMPANY, ET AL.

1. MECHANIC'S LIEN—*In what case allowed.* The La Junta Company agreed to convey certain lands to the Hoosier Farm Company, and employed the latter company to construct a system of flumes and ditches, for the irrigation of the land so to be conveyed, other lands retained by the La Junta Company, and of capacity to also irrigate certain lands of one Finnup. The Hoosier Company employed plaintiff to construct certain flumes which were to form part of the proposed system. Plaintiff having performed his contract was held entitled to a lien upon all the lands owned by the Land Company, at the date of the contract, and this notwithstanding the right of Finnup; that while only so much of the property as may be necessary to satisfy the debt is to be sold, the whole is subject to the lien.

2. *Subsequent incumbrances* are subject to the lien.

3. *Prior incumbrance* is preferred to the lien where the work contracted for is the mere reconstruction of an existing system.

4. EASEMENT—*Contract Construed.* A corporation owning certain lands and proposing the construction of works for their irrigation, agrees with the owner of other lands to furnish water for the irrigation thereof, he paying no part of the cost of construction, but a proportion of the upkeep of the works. *Held* not to confer upon such land owner an easement in the irrigation system.

*Error to Otero District Court, Hon. J. E. Rizer, Judge.*

*En banc.*

Mr. FRED A. SABIN, for plaintiff in error.

Opinion by Mr. Justice Teller.

THE La Junta Suburban Land Company, owning the La Junta Suburban Gardens, on March 7, 1913, by contract in writing agreed to convey to the Hoosier Farm Company a tract of land in said Suburban Gardens, and to allow the latter company a credit of $4,150 on the purchase price of the land, as part payment for the construc-

tion of a system of flumes and ditches, for the irrigation of the land conveyed to the Farm Company, and of the lands retained by the Land Company. The contract further provided that the system should be of sufficient capacity to irrigate the lands above mentioned, and the lands of one Finnup, with whose ditch the system was to be connected.

On March 15, 1913, the Farm Company entered into a contract with the plaintiff in error for the construction of certain flumes which were to form a part of the system for bringing water to said lands, as required by the contract of March 7, 1913.

The work having been completed on May 31, 1913, and the Farm Company having failed to pay therefor, the Flume Company, on July 24, 1913, filed its lien statement for the contract price of $5,000, with an addition of $573.19 alleged to be due for extra work and material.

In due time the plaintiff in error began suit to foreclose the lien initiated by said statement, making the Land Company, the Farm Company and the Pueblo Savings and Trust Company, defendants. Subsequently, Mary M. McCreery, and the Public Trustee of Otero County, were made defendants—the former as a mortgagee, and the latter as trustee in a deed of trust given by the Farm Company to the Land Company, to secure a balance of $21,000 of the purchase price. Judgment was entered against the Farm Company for the sum of $5,274.69, and the lien claimed by plaintiff was denied. The court gave the other defendants their costs. The denial of the lien is the principal objection urged against the judgment. The trial court announced that the plaintiff would be entitled to a lien upon the lands of the Farm Company, and of the Land Company, were these lands all that were to be irrigated by the ditch in question; but, that it appeared that the ditch was designed to, and did, furnish water for the lands of one Finnup. The court also referred to the case of *Springer v. Ford,* 168 U. S. 513, 42 L. Ed. 562, 18 Sup. Ct. 170, as authority for holding that "the plaintiff

may have a lien upon the entire tract of land irrigated by the ditch in question, or else the lien is limited to the land constituting the actual right of way for the ditch"; and added: "I, therefore, hold that the plaintiff is not entitled to a lien upon the land described in the lien statement." It was also held that plaintiff had no lien on the structure built by it, because said Finnup owned an interest, or at least an easement in the ditch upon which plaintiff had done work.

Reference to the case of *Springer v. Ford, supra,* shows that it does not hold as the court below supposed. In that case it appeared that the Maxwell Land Grant Company entered into a contract with the Springer Land Association by which the latter was to construct an irrigation system on the Grant Company's land, to be paid for out of the proceeds of the sale of 22,000 acres, all of which lands were to be irrigated by the said system.

Ford, the defendant in error, was employed by the Springer Association, under a contract to construct the system. The Supreme Court of New Mexico gave him a lien on the 22,000 acres, and the decree to that effect was affirmed by the Supreme Court of the United States.

The decision is clearly based upon the well-known principle that property should be liable for the cost of improvements by which it is benefited. *Mochon v. Sullivan,* 1 Mont. 470; *Mallory v. Lacrosse Co.,* 80 Wis. 170, 40 N. W. 1071.

The statute of New Mexico, under consideration in that case, was substantially the same as ours, and the facts as above stated were quite similar to those of the case at bar. The court said:

"This tract of 22,000 acres was the tract for whose irrigation the ditch was constructed and by which it was to be benefited. The ditch and the land were inseparably connected as parts of a common enterprise, and to sever the ditch from the land would render the ditch practically worthless.  *  *  *  The contract with the Maxwell Land Grant Company, showed that it caused the improvement to be made for the purpose of supplying the entire

acreage under the ditch, and in consideration of the construction of the improvement gave to the Springer Land Association an interest in the 22,000 acre tract.   The improvement was projected and constructed upon the property as an entirety, though the contract contemplated that after its completion the tract should be cut up and sold in small holdings, the Maxwell Company manifestly causing the improvement to be made for the express purpose of rendering the land salable.   To limit the land upon which the lien was given to the strip of land sixty feet in width and twenty-six miles long, which was actually occupied by the ditch, and exclude the tract which the ditch was constructed to benefit by its  continuous  operation, would, it seems to us, be to unreasonably circumscribe the meaning of the statute.   *   *   *   This ditch was to expend its waters on this tract and could not be used or operated without it.   Each was dependent on the other, and both were bound together in the accomplishment of a common purpose.   The lien must apply to the entire tract or be confined to the right of way through which it took its course, and to narrow it down to the latter would be to disregard the very terms of the statute."

The court then refers to the claim that the decree included more land than could be held to appertain to the ditch, and rejects it, on the ground that the Supreme Court of New Mexico expressly found that the entire tract on which the lien was held to attach was "under said ditch and to be irrigated thereby."

The case is therefore authority for giving the plaintiff in this case a lien upon all the lands in question.

The court's finding that Finnup had an interest, or an easement in the ditch is not supported by the evidence.   A witness testified that Finnup owned an interest in the system, but on motion the testimony was stricken out.   Subsequently, a witness for the defendant testified that the Land Company was under contract with Finnup to furnish him water through the flumes, which were to be built by the Land Company, and he was to pay his proportion of

the expense of keeping them up; that he paid nothing toward the cost of construction.

This falls far short of proving an easement, and there is no other evidence on this point.

The Land Company having by its contract with the Farm Company required the latter to make the improvement, and so to locate and construct the system as to irrigate the lands retained, as well as those sold to the Farm Company, made the latter its agent for the purpose of providing an irrigation system for the entire tract. On principle and under the authority of the case last cited the lien attaches to all the land under the ditch owned by the Land Company when the contract was made.

Section 4027, R. S. 1908, grants a lien on so much of the land whereon the structure or improvement is made, "as may be necessary for the convenient use and occupation of such building, etc." It has been held that this language means all the land which is benefited and whose value is increased by the improvement, it having been made at the instance or with the knowledge of the owner. *Ford v. Springer Ass'n,* 8 N. W. 37, 41 P. 546.

The lien being granted in recognition of its inherent justice, it must extend to all the property which is benefited by the improvement. Anything short of that does not do complete justice. Of course, only so much of the property will be taken as may be necessary to satisfy the debt, but it must all be subject to the lien in the first instance.

Plaintiff, as against the Trust Company, sought a lien only on the structure, or improvement; and since the encumbrance which the Trust Company had was subsequent to the completion of the ditch, its rights were subject to plaintiff's rights to a lien on the ditch. Accepting the finding of the court that the work done by the plaintiff was a reconstruction of an old system instead of the building of a new or entire structure, it follows that the lien of the McCreery mortgage is prior to that of the plaintiff, and the decree to that effect is correct.

The decree is in other respects reversed, and the cause remanded for further proceedings in harmony herewith.

Reversed.

Mr. Justice Hill and Mr. Justice Garrigues dissent.

Garrigues, J., dissenting.

I cannot agree with the majority opinion. Mechanics liens are in derogation of the common law, and are based entirely upon the statute, and not upon any principle that "property is liable for the cost of improvements which benefit it." The statute being in derogation of the common law, is to be strictly construed in determining whether the property is subject to a lien, and if it is, then liberally construed in the remedial right in enforcing the lien. There is nothing in the statute giving one constructing an irrigating ditch, a mechanics lien upon the land the ditch is intended to irrigate. The lien is upon the structure. According to the majority opinion, if one should construct a lateral from a main ditch, for a farmer, he would be entitled to a mechanics lien upon the entire farm. A reading of the statute does not impress me that the legislature intended any such absurdity.