## No. 11,061.

BUERGER INVESTMENT CO. *v.* B. F. SALZER LUMBER CO.,
ET AL.

Decided June 1, 1925.   Rehearing denied June 22, 1925.

Action to foreclose mechanics' liens.   Judgment for claimants.

### *Affirmed in Part.*

### *Reversed in Part.*

1.  MECHANICS' LIENS—*Interest.*  Interest is allowable on mechanics' lien claims as an incident to the debt against the property.

2.  *Pleading—Blanket Lien.*  In an action to foreclose mechanics' liens, if the facts stated in the complaint will support any kind of a lien, a cause of action is stated, and even though they will not support a blanket lien, the court in furtherance of equity may allow segregated liens upon a blanket statement.

3.  *Blanket Lien—Single Contract.*  To sustain a blanket lien under section 6444, C. L. '21, it is sufficient if the work on the several buildings was to be done under one contract.

4.  *Blanket Lien—Contiguous Lands.*  To sustain a blanket lien, it is not necessary that the several properties be contiguous. It is the entirety of the contract, not the lands, that determines the right.

5.  *Blanket Lien—Partial Release.*  Under claim for blanket lien on property, a release of one parcel from the lien does not operate as a release of the remainder.

6.  *Material Sold Different Parties.*  Under claim for mechanic's lien, the fact that materials were sold to different parties does not defeat the lien, where it appears that all the material was sold for one purpose, on one contract and for one set of buildings.

7.  *Blanket Lien—Apportionment.*  A blanket lien statement will support the allowance of a several lien where it appears that apportionment is readily possible, and the court deems it equitable to all parties.

8.    *Blanket Lien Statement—Omission of Name of one Owner.* The omission of the name of one owner in a statement for a blanket lien, does not invalidate the whole lien.

*Error to the District Court of the City and County of Denver, Hon. Wilbur M. Alter, Judge.*

Mr. REES D. REES, Mr. C. E. WAMPLER, for plaintiff in error.

Messrs. DOUD & WALKER, Mr. WARREN D. WOODMAN, Mr. HORATIO S. RAMSEY, Messrs. MORRISSEY, MAHONEY & SCOFIELD, Mr. HAROLD G. KING, Mr. JOSEPH J. WALSH, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendants in error had a decree in a suit to foreclose mechanics liens claimed by them against property upon which plaintiff in error held mortgages. The mortgagee brings error.

The errors argued are that the court erroneously allowed interest on the lien claims, that all the liens were invalid because they purported to cover several pieces of property in one statement (i. e., were blanket liens, so called), without the statutory sanction that they were upon one contract; and that some of them were invalid for other reasons.

One Taylor owned four pairs of lots and upon each pair built a house which for convenience we number 1, 2, 3 and 4. He purchased material from the defendants in error. During the building he mortgaged the houses separately. The plaintiff in error was the mortgagee of three of them, 2, 3 and 4.

Upon the question of interest we can see no error. C. L. § 3778 permits interest on "money due on account from the date when the same becomes due." This court once di-

rected its allowance on a mechanic's lien (*Joralmon v. McPhee*, 31 Colo. 26, 39, 71 Pac. 419), and we understand that for years it has been allowed without question at nisi prius. The case of *Kern v. Guiry Bros.*, 60 Colo. 286, 153 Pac. 87, is cited by plaintiff in error, but it does not hold that interest is not recoverable, but the contrary if anything. In the present case Taylor is liable for the debt (as Kern was not), and therefore there is less reason why his property should not also be liable for it. If the property is liable for the debt then the interest, being an incident to the debt which is prior to the mortgage, is prior also.

On the point that the allowance of interest must not be injurious to third parties, as stated in the case last cited, we do not think it can mean that one who acquires an interest in the property subject to the lien can say he is injured by the allowance of interest on the lien claim. The statute gives the interest and it is an incident of the lien debt. It does not injuriously affect his right because he has no right except subject to the lien claim of which the interest is part.

It is claimed that the complaint does not state facts sufficient to constitute a cause of action because it does not show that the claims could not be apportioned among the several buildings, and therefore no blanket lien can be adjudged. C. L. § 6444. This defect does not go to the cause of action but to the relief demanded; if the facts stated will support any kind of a lien it is enough to make a cause of action, even though they will not support a blanket lien, and the court may, in furtherance of equity, allow a segregated lien or liens upon a blanket statement, as we show below.

In the same manner we may answer similar objections to the cross-complaints of the other defendants.

It is claimed that the complaint was insufficient because it did not allege that the houses were all built on one contract, but it did; nor that the houses were contiguous, but that was not necessary.

If counsel mean that there could be no blanket lien under

said section 6444 unless the whole work was to be done under one contract, we do not agree with them. The material parts of the statute read as follows: "(1) Whenever any person * * * shall hereafter furnish any materials * * * for the erection or construction * * * of two or more buildings * * *, when they are built and constructed by the same person or persons, and under the same contract, it shall be lawful for the person * * * so furnishing such materials * * * to divide and apportion the same among the said buildings, * * * in proportion to the value of the materials furnished for * * * each * * * but if the cost or value of such * * * materials * * * cannot be readily and definitely divided and apportioned among the said several buildings * * * then one lien claim may be made."

If, so far as each claimant is concerned, his work was to be done under one contract on all the houses, that is sufficient to satisfy the requirements of the statute. The point seems clear without authority, but see *Deardorff v. Roy, et al.,* 50 Mo. App. 70.

It is claimed that the lots were not contiguous and so no blanket lien. House No. 1 was separate from the others. We find no provision in the statute that they must be contiguous, nor any requirement except that there must be one contract for all the lots and that the lien must be such as not to be readily and definitely apportioned. It is the entirety of the contract, not of the lands, that determines the right. *Bohn, etc., Co. v. Case,* 42 Neb. 281, 60 N. W. 576; *Parker v. Walker,* 48 Okl. 705, 150 Pac. 690, 10 A. L. R. 1022; *Lehmer v. Horton,* 67 Neb. 574, 93 N. W. 964, 2 Ann. Cas. 683.

Plaintiff in error attacks the lien claim of the George A. Barrows Lime Company on several grounds: (1) Since the lien fails on house No. 1, because separate from the others, it cannot be maintained at all. We have seen that contiguity is not necessary. (2) The lien statement is invalid (a) because it commingles and does not separately

state what should be two liens upon two accounts, one against William Brindle, and one against J. F. Taylor.

The lime company sold lime which was used on all the property indiscriminately. The Wilkins Realty Company made a loan on house No. 1, paid out the proceeds to the material men and received releases of their liens including that of the lime company. Other material was afterwards furnished by the lime company. The district court disallowed its claim lien on house No. 1 and allowed it as a blanket lien on houses 2, 3 and 4. Plaintiff in error claims that, because it cannot be ascertained how much of the whole value was used on the released house, it cannot be ascertained how much was used on the other three and that therefore no lien can be allowed on them: that pending the construction, they have been sold to several purchasers and it would be unjust to saddle the purchasers with liens for material that did not go into their houses.

We can see no reason why the mere release of a part of the property covered by a blanket lien should effect a release of the remainder, any more than a similar release of a mortgage; but if mortgaged property has been segregated into several hands the release of part requires the mortgagee to credit upon his mortgage debt the value of the part released. 27 Cyc. 1366.

As to mechanics liens it is held that a release of part releases all for the reasons above mentioned, and it is also held that where a blanket lien is permitted, each part is liable for the whole lien even against subsequent purchasers, on the ground that since such is the case between the originals the purchaser with notice takes the property with the same burdens. *Guaranty etc., Co. v. Cash* (Tex. Civ. App.), 87 S. W. 749; *Carr v. Hooper*, 48 Kan. 253, 29 Pac. 398, 400; *Meixell v. Griest*, 1 Kan. App. 145, 40 Pac. 1070. This we regard as the better of the two theories but the analogy of the mortgage is more equitable than either, and we adopt it. Therefore let the court take evidence if necessary on this point, and, after crediting an equitable portion of the Lime Company's lien on account

of the release of house No. 1, let a lien or liens be allowed against the remainder of the lots, i. e., houses Nos. 2, 3, and 4.

Plaintiff in error claims that the material was sold partly to Taylor, the owner, and partly to Brindle, the contractor or agent of Taylor; it appears sufficiently however, in evidence that it was sold for one purpose on one contract, on one set of buildings, and the court has so found. That permits one lien.

The other objections to this company's lien are on questions of fact which have been determined in claimant's favor.

It is claimed that the lien of W. J. Henry for lathing and plastering is invalid (1) because the claim might be apportioned, but was not apportioned in the statement; (2) because his statement did not name Hirshkowitz, who at the date of the statement had purchased house No. 3. The history of the claim is this: Henry agreed to lath and plaster the four houses for $375 each and two garages with houses 3 and 4, for $40 each and did the work. He was paid in full for house No. 1 $375, and released his claim thereon. He filed a blanket lien for the remainder on houses 2, 3 and 4. He was paid $375 more and credited it on house No. 3, leaving on that property the garage, $40, unpaid. The court disallowed his lien on house 3 for the $40, disallowed his lien on No. 4 for a reason not in question here and allowed it on house 2.

The claim is that the lien statement was void because it claimed one lien when the apportionment was undeniably possible, and because, while claiming a lien on Nos. 2, 3 and 4, it did not name the owner of 3. The apportionment was undeniably possible. The first question, then, is whether a blanket lien statement will support the allowance of a several lien.

The statute says that "it shall be lawful" to apportion, but if it cannot be readily and definitely divided "then one lien claim may be made." The statute is to be liberally construed, C. L. § 6460. If that means anything, it means

that it is to be construed according to equitable principles. The reasonable, liberal and equitable construction of these terms is that the claimant may apportion where possible; if impossible, he must spread his blanket, but if apportionment is possible, yet cannot readily be made, he may choose whether he will apportion or file a blanket lien. Now the proposition of the plaintiff in error is, that having chosen, he must abide by his choice, and if he has chosen the blanket form and it appears that there might readily have been an apportionment, he must lose his whole lien. Why? Make him pay for a mistake of fact or law with the loss of all though his mistake has hurt no one? Is that equitable? We cannot so regard it. We think he may in good faith choose the blanket lien and make his statement so, and, if it turns out that an apportionment is readily possible and the court deems it equitable to all parties, it may be had in the decree.

Neither can we assent to the claim that the omission of the name of Hirshkowitz from the statement avoided the whole lien. At the most it could only avoid the lien on the house that Hirshkowitz had purchased, because that is the only respect in which anyone else could be hurt, but the court denied the lien on that house so there is no error there prejudicial to plaintiff in error.

The construction asked for by plaintiff in error would make the transaction like a game of cards where a misplay brings disaster merely because it is a misplay. There has been too much of that sort of construction of the mechanic's lien law, and it ought to go no further.

The judgment is affirmed except as to the George A. Barrows Lime Company; as to that company it is reversed with directions to proceed in accordance with this opinion.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.