No. 22405.

GREENLAWN SPRINKLER CORPORATION, A COLORADO CORPO-
RATION *v.* OLLE S. FORSBERG ALSO KNOWN AS O. S. FORSBERG.
(461 P.2d 22)

Decided November 10, 1969.

A. Daniel Rooney, James T. Ayers, for plaintiff in error.

Lyle E. Miller, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MCWILLIAMS.

THIS is a contract case and the parties to the controversy are as follows: (1) Greenlawn Sprinkling Corporation, a Colorado corporation engaged in the business of installing lawn sprinkling systems and which will hereinafter be referred to as the plaintiff; (2) The Reynolds Development Corporation, hereinafter referred to as the Corporation, now defunct but at one time engaged in the business of building apartment houses; and (3) Olle S. Forsberg, the president and owner of over 90% of the stock of the Corporation, who will hereinafter be referred to as the defendant. The main issue sought to be raised in this Court is whether the several contractual obligations owed the plaintiff are personal obligations of the defendant or are the obligations of the Corporation. The trial court found that the contractual obligations under consideration were those of the Corporation and were not obligations of the defendant. By writ of error, in which the Corporation is not a designated party on error, the plaintiff seeks reversal of the judgment dismissing his complaint as to the defendant.

In its amended complaint the plaintiff alleged that the defendant entered into three separate written agreements with the plaintiff whereby the plaintiff agreed to install three described lawn sprinkling systems and the defendant agreed to pay a sum certain for each installation. As concerns each of these three agreements, which were referred to in the complaint and throughout the trial as exhibits A, B and C, plaintiff alleged that it had performed its obligations but that the defendant had in each instance failed to pay as promised. Accordingly, in connection with these three agreements, plaintiff demanded judgment against the defendant in a total sum of $6,900.36.

As relates to a fourth written agreement between

plaintiff and defendant, which agreement was referred to upon trial as exhibit E, plaintiff alleged that in such agreement the plaintiff again agreed to install another sprinkling system for an agreed price, that the system had in fact been installed and that the defendant had failed to pay the agreed price. In connection with this particular agreement it was further alleged that the Corporation, as opposed to the defendant, had later executed a so-called lien note, referred to throughout the trial as exhibit D, which was claimed by the plaintiff to have been given only as additional security for the payment called for by exhibit E. As concerns the so-called fourth agreement and the lien note, plaintiff sought a joint and several judgment against both the defendant and the Corporation in the sum of $5,141.65.

By answer the defendant admitted the execution by him of the four agreements with the plaintiff but denied, however, executing the lien note. In this regard, the Corporation admitted that it had executed the lien note.

A written pretrial order, signed by the trial judge and approved as to both form and content by counsel, limited the "combined issues of fact and law" to be litigated upon trial to the following matters:

"1. Whether or not, and the extent to which, plaintiff performed its promises as set forth in exhibits A, B, C and E;

"2. Whether the defendants or either of them made payments on the aforesaid agreements in excess of those amounts alleged in the complaint, and if so, in what amounts; and

"3. Whether or not the lien note, hereinabove referred to as exhibit D, operated as a satisfaction in full of defendant Forsberg's obligation as set forth in plaintiff's exhibit E."

Trial of this matter was to the court and upon trial it was stipulated that a total sum of $6,900.36 plus interest and attorney's fees was unpaid on the first three agreements, namely, exhibit A, B and C, and that the unpaid

indebtedness on exhibits D and E was in the sum of $5,141.65 plus interest and attorney's fees. As concerns exhibits D and E, the trial court found that the lien note (exhibit D) had been given by the Corporation in full satisfaction for the indebtedness created by exhibit E. Accordingly, as concerns this phase of the case the trial court entered judgment for the plaintiff and against the Corporation only in the sum of $5,141.65, plus interest costs and attorney's fees.

During the course of the trial it became evident that notwithstanding the admissions made by the defendant in his answer and the pretrial order limiting the issues to be tried, there was an attempted shifting of defense strategy as to exhibits A, B and C. As concerns exhibits A, B and C the only issues under the pretrial order which remained to be tried were the issues as to whether the plaintiff had performed its obligations under the three agreements and the extent of the payments, if any, made by either the defendant or the Corporation on said agreements. As above indicated, the amount of the outstanding indebtedness was stipulated to by the parties. As relates to the issue of performance by the plaintiff, the trial court found on disputed evidence that the plaintiff had performed its obligations under the several agreements and that the several installations were not defective.

However, upon trial the defendant sought to show that though he signed exhibits A, B and C in an individual capacity with no reference whatsoever in any of these three agreements to the Corporation of which he was then the president and majority stockholder, that nevertheless the obligations created by such agreements were really not his, but were those of the Corporation. However, when the defendant attempted to testify along the lines above indicated, timely objection was made by plaintiff and after extensive argument the trial court sustained the objection and ruled that exhibits A, B and C were of "sufficient nature to be considered as contracts and could not be varied by parol."

At the conclusion of the trial the court took the entire matter under advisement. One week later — in its written findings and judgment, the trial court — in its own words — "reversed" itself and held that exhibits A, B and C were not contracts, but only "work orders." The trial court then went on to find that the defendant under the circumstances should not be held personally liable, that he had in fact contracted on behalf of the Corporation and that the Corporation — not the defendant — should be the only party liable on any of these three agreements with the plaintiff. Accordingly, as to these three claims the trial court entered judgment for the plaintiff against the Corporation (even though plaintiff had not requested judgment on these claims against the Corporation) in a total sum of $6,900.36 plus interest costs and attorney's fees. As concerns the defendant, however, against whom the plaintiff had sought judgment on these claims, the trial court entered a judgment in favor of the defendant and dismissed all of the plaintiff's claims against him. This writ of error seeks reversal of the judgment dismissing plaintiff's several claims against the defendant and, as indicated, the proceedings in this Court concern only the plaintiff and the defendant, and do not relate to the judgment entered in favor of the plaintiff and against the Corporation.

We perceive no error on the part of the trial court in its disposition of that phase of the controversy relating to exhibits E and D. It is true that this particular agreement, i.e., exhibit E, like all the other agreements (exhibits A, B and C) was signed by the defendant as an individual and without any reference to the Corporation of which he was then the president. However, this agreement, unlike the others, did not call for payment by the defendant in cash. Rather exhibit E called for payment by "G.A.C." And more or less contemporaneously with the execution of exhibit E, the defendant, on behalf of the Corporation, executed the so-called lien note, exhibit D. This note was made payable to the plain-

tiff, which incidentally was a subsidiary of the Gates Rubber Company, and the lien note immediately upon its execution was endorsed with recourse to the Gates Acceptance Corporation. Hence, the reference to exhibit E to the payment being made, not in cash, but by "G.A.C."

As above indicated, it was the position of the plaintiff that the lien note was given by the Corporation as additional security for the indebtedness created by exhibit E; whereas it was the defendant's position, as was set forth in the pretrial order, that it was the intent of the parties that the giving of the lien note was in satisfaction for the indebtedness created by exhibit E. In thus asserting both plaintiff and the defendant rely upon *Globe Co. v. Taylor*, 61 Colo. 430, 158 P. 717, where it was stated that the giving of a note for a prior indebtedness is conditional only and does not discharge the liability for which the note was given, unless there is an agreement expressed or implied that the acceptance of the note constitutes payment of the existing indebtedness, and that the burden of proving such rests on the one who asserts it.

In this connection both plaintiff and defendant offered testimony bearing on this particular issue, with the plaintiff's evidence tending to support its theory of the case and the defendant's evidence tending to show that the lien note was given in full satisfaction for any personal indebtedness incurred by the defendant by virtue of exhibit E. This then presented a controverted issue of fact and there being competent evidence to support the doings of the trial court, its resolution of this particular matter must be upheld.

 However, the trial court erred in its determination that the indebtedness created by exhibits A, B and C was not that of the defendant, but only that of the defunct Corporation. In the first place, as concerns the three agreements represented by exhibits A, B and C, the pretrial order clearly limited the issues to those of performance by the plaintiff and payment, if any, by

the defendant or the Corporation. R.C.P. Colo. 16 provides that a pretrial order controls the subsequent course of the action unless modified at the trial to prevent manifest injustice. In *Ferguson v. Hurford,* 132 Colo. 507, 290 P.2d 229 it was stated that in the absence of an objection, all matters determined at a pretrial conference have the force and effect of a stipulation of the parties as to the correctness thereof and that the order controls the subsequent course of the trial, unless modified at trial to prevent manifest injustice. Here, the defendant did not object to the pretrial order, but on the contrary approved it both as to form and content. By the terms of the order any issue as to whether the defendant was personally liable under exhibits A, B and C was quite clearly *not* embodied in the pretrial order. The court itself did not thereafter in any manner "modify" the aforesaid pretrial order. Nor can it be said that such issue was ever injected into the case on the basis of any expressed or implied consent of the parties. On the contrary, plaintiff's objection to this line of examination was sustained. Under such circumstances the trial court erred in going beyond the two issues of performance and payment, which according to the pretrial order were the only issues remaining as to the three agreements between the plaintiff and the defendant represented by exhibits A, B and C. The trial court having determined that the plaintiff had fully performed under each of these three agreements, it should have entered judgment for the plaintiff and against the defendant in the amount stipulated as to being unpaid.

■ In disposing of this phase of the controversy on a procedural basis, we do not want to be understood as indicating thereby that if we had elected to dispose of the matter on its merits, the defendant would have prevailed. Such is not the case. Though the matter has perhaps not been fully explored by counsel, either from an evidentiary standpoint or from the standpoint of the applicable law on the subject, nevertheless it would

appear that on the basis of the record before us the defendant under the circumstances was precluded from attempting to shift his personal obligations to his now defunct Corporation. Exhibits A, B and C were all signed by the defendant, as an individual, and there is nothing in any of these three agreements which would indicate that he was signing in any representative capacity for the Corporation. Each agreement then called for payment by the defendant, not the Corporation, and the payment was to be "in cash." Hence, the defendant is personally liable on these agreements. *Sago v. Ashford,* 145 Colo. 289, 358 P.2d 599.

■■ In this connection it should be noted that each of the agreements was signed by the defendant and by a salesman for the plaintiff. The defendant points out that each agreement called for "acceptance and approval" by the plaintiff, and that no officer of the plaintiff ever indicated acceptance and approval by signing any of the three agreements as was provided for in the body of the agreement. From this the plaintiff argues that since no officer for the plaintiff ever accepted and approved any of the agreements by signing the same, that in reality there was never any contract or agreement between the parties and that parol evidence shifting defendant's personal obligations to the Corporation under the circumstances should have been permitted. This line of argument overlooks the fact that the plaintiff installed the sprinkling systems called for by the three agreements and that its performance under these agreements was found by the trial court to be full and complete. Actual performance then by the plaintiff constituted an "acceptance and approval," and certainly as of the time the plaintiff fulfilled its obligations under these agreements the obligations of the defendant also became fixed and not the subject to change under the parol evidence rule. We deem *Messenger v. Woge,* 20 Colo. App. 275, 78 P. 314 to be inapplicable and direct attention to *Denver Exchange v. Perryman,* 134 Colo. 586, 307 P.2d

805. In the latter case we stated that an offer which calls for the doing of a particular act may be accepted by the performance of the act and that in such a situation performance is the only thing needful to complete an agreement and create a binding contract.

The judgment is reversed and the cause remanded with direction that the trial court enter judgment for the plaintiff and against the defendant in the sum of $6,900.36 plus interest thereon, costs and reasonable attorney's fees.

MR. JUSTICE DAY, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.