STAN MILLER, INC., a Colorado corporation; Merrick & Company, a Colorado corporation; Raymond Strahlo d/b/a Raymond Construction; Virginia Drilling Co., Inc.; Schmeuser & Associates; Jonathan Rovick and Jeff Page d/b/a Western Slope Forestry; and Robert A.M. Stern d/b/a Robert A.M. Stern, Architects, Plaintiffs–Appellees,

v.

BRECKENRIDGE RESORT ASSOCIATES, INC., a Colorado corporation d/b/a Breckenridge Associates, Inc., Delaware Associates, Ltd., an Oregon limited partnership, and Breckenridge Building Center, Defendants–Appellees,

and

Independent Trust Corporation, an Arizona corporation, as trustee, Defendant–Appellant.

Nos. 87CA1194, 87CA1503 and 87CA1564.

Colorado Court of Appeals, Div. IV.

March 2, 1989.

Rehearing Denied March 30, 1989.

Certiorari Granted Sept. 11, 1989.

Bauer & Durkin, P.C., Douglas S. Durkin, Breckenridge, for plaintiffs-appellees Stan Miller, Inc. and Robert A.M. Stern.

St. Clair & Rolle, Alexander F. Rolle, Denver, for plaintiffs-appellees Merrick & Co., Virginia Drilling Co., Inc., Schmeuser & Associates, and Jonathan Rovick and Jeff Page d/b/a Western Slope Forestry.

Holme Roberts & Owen, G. Kevin Conwick and Larry S. Schwartz, Denver, for defendant-appellee Delaware Associates, Ltd.

French, West, Wood & Brown, P.C., John Blair Wood, Breckenridge, for defendant-appellee Breckenridge Bldg. Center.

Loser, Davies, Magoon & Fitzgerald, P.C., Deborah A. Sperlak, Brian A. Magoon and Edward B. Towey, Denver, for defendant-appellant Independent Trust Corp.

No appearance for plaintiff-appellee Raymond Strahlo d/b/a Raymond Const.

TURSI, Judge.

This appeal concerns a consolidated case involving three actions to foreclose various mechanics' liens on the same tract of property. Defendant, Independent Trust Corp. (ITC), appeals the summary judgment entered in favor of the mechanics' lien claimants. ITC also appeals the trial court's order denying its motion to supplement a previous order and granting both a motion regarding the distribution of proceeds after sale and a motion for attorney fees made by defendant Delaware Associates Ltd. (Delaware). We affirm in part and reverse in part.

Breckenridge Resort Associates, Inc. (BRAI), purchased approximately 1,100 acres of land in the town of Breckenridge. The seller, Delaware, took a first deed of trust on approximately 90 percent of the property. ITC was given a first deed of trust on the remaining 10 percent in return for partial financing.

BRAI intended to develop the property into an integrated resort community. Development was to occur in phases with the first phase involving a large parcel of the property located next to the Breckenridge Town golf course. That parcel included the land encumbered by the ITC deed of trust.

BRAI commenced the development and agreed to build a temporary clubhouse on a portion of the parcel directly adjacent to the golf course in exchange for the town's consent to the formation of a metropolitan district encompassing the entire resort. BRAI believed the district would be of substantial value to the development. BRAI also viewed the clubhouse, even though it was only temporary, as a desirable amenity which would benefit the resort and attract potential buyers. For this reason, BRAI located its sales office in a wing of the facility.

The mechanics' liens being foreclosed in this action arose in connection with the construction of the clubhouse and other work performed for the project. Plaintiff

Robert Stern, doing business as Robert A.M. Stern, Architects (Stern), designed the temporary clubhouse facility including the sales office wing. He also performed a site analysis, did site planning, and prepared a comprehensive site and project plan for the entire resort. Plaintiff Raymond Strahlo, doing business as Raymond Construction (Strahlo), built the clubhouse. Plaintiff Breckenridge Building Center (BBC) supplied the materials used in building the facility. Stan Miller, Inc. (Miller), constructed the electrical trench, parking lot, and driveway for the clubhouse and did further site preparation, including rough grading for the roads in the first phase of the development as well as road construction. Plaintiff Western Slope Forestry (WSF) marked and cut blighted trees on the property. Plaintiff Virginia Drilling Co., Inc. (Virginia), drilled the well for the clubhouse. Plaintiff Schmeuser and Associates, Inc., provided engineering and surveying services for the project.

At the time the work was performed and when the liens arose, BRAI either owned the entire property or held an option to purchase the property. BRAI, at time of judgment, owned only that portion of the property encumbered by the ITC deed of trust. Delaware, having foreclosed on its deed of trust, had regained ownership of the remaining property.

The lien claimants brought this action after BRAI defaulted on its payments for the services performed. Stern, Miller, and Strahlo moved for summary judgment prior to a pre-trial conference held on December 5, 1986. At the conference, the trial court ordered: (1) that certain affirmative defenses asserted by ITC be stricken by agreement of the parties; (2) that all lien claimants, other than those who had filed a motion for summary judgment, file affidavits setting forth the amount of their claims; (3) that parties opposing a claim file a responsive affidavit within 20 days after the deadline for claimants' affidavits; and (4) that ITC include in a motion for summary judgment to be filed by January 9, 1987, its claim that the liens should not be extended to the property encumbered by its deed of trust because that property was not necessary for the convenient use and occupation of the improvements constructed by the lien claimants. As part of its order, the court warned ITC that a failure to comply would result in the claim being stricken.

On January 9, ITC moved for an extension of time to file its motion for summary judgment until January 23, 1987. The court did not rule on the motion. On January 23, ITC submitted a motion for summary judgment, but it did not submit counter-affidavits. Rather, it filed responses to the claimants' affidavits which simply incorporated by reference ITC's motion for summary judgment as well as other pleadings that had been submitted by BRAI and Delaware.

In its motion for summary judgment, ITC argued that the improvements associated with the clubhouse were constructed on golf course property owned by the town of Breckenridge. An affidavit of a land surveyor with supporting exhibits directly countering that claim had been submitted by Delaware.

The pleading filed by Delaware which ITC incorporated into its motion neither disputed the amount nor the nature of the work done by the lien claimants. The BRAI pleading also incorporated by ITC into its motion was later withdrawn after BRAI stipulated to all of the liens asserted by the lien claimants.

Prior to a hearing on the pending motions held May 20, 1987, the court retroactively granted ITC's motion for an extension of time. At the hearing, the court ruled that ITC had waived its right to challenge the amount of the liens claimed by the plaintiffs because it had failed to file counter-affidavits. The court also reversed its previous ruling granting ITC's motion for an extension of time and held that, as a result, ITC had forfeited and waived its right to assert the issues contained in its motion for summary judgment. Then, after hearing oral argument, the court alternatively denied the motion for summary judgment on its merits.

The court entered summary judgment in favor of Miller and Strahlo, and, upon oral motion, for Merrick, Virginia, Schmeuser and WSF. Stern's motion for summary judgment was only partially granted, leaving other issues to be resolved that are not relevant to this appeal. The court awarded attorney fees to Stern and Miller against ITC, finding that ITC had continued to assert the groundless defense that the improvements were made to property owned by the town of Breckenridge.

ITC filed a motion to supplement the court's order requesting apportionment of the liens in proportion to Delaware's and BRAI's respective ownership of the property. The motion was denied in an order which granted Delaware's motion for distribution of proceeds and its motion for attorney fees. The award of attorney fees against ITC was based on maintaining a groundless defense, the same grounds that prompted the awards to Stern and Miller. The court also ordered that the entire property be sold at the foreclosure sale.

## I

Initially, ITC contends that the trial court erred in determining that the mechanics' liens extended to the entire property. We disagree.

Section 38–22–103(1), C.R.S. (1982 Repl. Vol. 16A) provides in pertinent part:

> "The liens granted by this article shall extend to and cover so much of the lands whereon such building, structure, or improvement is made as may be necessary for the convenient use and occupation of such building, structure, or improvement, and the same shall be subject to such liens."

ITC argues that the entire 1,100 acres of the development were not necessary for the convenient use and occupation of the improvements constructed. Rather, ITC maintains that the liens should only have been applied to the land upon which the improvements were built and that land necessary for ingress and egress.

██ The language used in § 38–22–103(1) has been construed to provide a lien on "all the land which is benefit-ed and whose value is increased by the improvement, it having been made at the instance or with the knowledge of the owner." *Hess Flume Co. v. La Junta Suburban Land Co.*, 63 Colo. 236, 166 P. 246 (1917). Absent proof to the contrary, it is presumed that the land described by a mechanic's lien claimant in his complaint is necessary for the convenient use and occupancy of the improvement. *Seely v. Neill*, 37 Colo. 198, 86 P. 334 (1906). Not only has ITC failed to provide evidence to overcome that presumption, but the record more than sufficiently supports the trial court's finding "that the work done ... benefited the property as a whole."

██ The record shows that BRAI purchased the 1,100 acres for the purpose of developing an integrated resort community. It is uncontested that the clubhouse facility was built in order to obtain the town's consent to the formation of a metropolitan district covering the entire development. Also, many of the liens asserted included claims for work relating to development and use of the entire tract. These claims were not controverted by ITC either in its motion for summary judgment or in its response to the lienor's affidavits.

Moreover, in its motion for summary judgment, ITC's only argument against extending the liens to the entire property was based on its allegation that the improvements were constructed on property owned by the town of Breckenridge. Not only was this claim unsubstantiated, but there was evidence in the record that directly refuted it. In fact, ITC recanted this argument in the second pretrial conference which preceded the hearing on the various motions for summary judgment.

## II

ITC next contends that the trial court erred by refusing to grant ITC's request for pre-sale apportionment of the liens. We disagree.

ITC requested for pre-sale apportionment in order to protect the property subject to its deed of trust from what it alleged to be more than its fair share of liens. ITC

argues that its request should have been granted because the evidence was insufficient to support the trial court's finding that "the work done on the property ... related in a large part to the land ... currently owned by ... (BRAI)." Alternatively, ITC contends that even if the evidence sufficiently supported the court's finding, that finding implicitly acknowledged that the liens could be apportioned because it recognized that not all of the work done related to BRAI's property.

While a trial court holds the equitable power to award pre-sale apportionment of liens in appropriate cases, *see Joralmon v. McPhee*, 31 Colo. 26, 71 P. 419 (1903), refusal to award that relief, if supported by the evidence, must stand. *See Woods v. Monticello Development Co.*, 656 P.2d 1324 (Colo.App.1982) (a reviewing court should not disturb the trial court's assessment of equities if there is evidence in the record to support that assessment).

ITC, as the party which would benefit from apportionment, held the burden of showing that equity and good conscience required apportionment. *Associated Sand & Gravel Co. v. DiPietro*, 8 Wash.App. 938, 509 P.2d 1020 (1973). ITC failed to satisfy that burden of proof.

There is sufficient evidence in the record to support the trial court's finding that the work performed significantly benefited the land subject to ITC's deed of trust. And, ITC presented no evidence to the court showing that the labor and material provided by the lien claimants could be readily and equitably divided between the parcels of land owned by BRAI and Delaware. Rather, ITC simply sought apportionment based on the relative land holdings of BRAI and Delaware.

A mechanic's lien claimant must file a blanket lien if impossible to apportion. He may apportion his lien where possible. However, if the work was done as a part of the entire project and is not readily and definitely divided, a blanket lien against the entire project is proper. *See Buerger Investment Co. v. B.F. Salzer Lumber Co.*, 77 Colo. 401, 237 P. 162 (1925); and *Pla-*

*teau Supply Co. v. Bison Meadows Corp.*, 31 Colo.App. 205, 500 P.2d 162 (1972).

In an effort to provide a basis for apportionment of the liens, ITC attempted to introduce an appraisal giving values for the BRAI and Delaware properties. However, the court disallowed the appraisal on grounds of irrelevancy, ruling that ITC had only requested apportionment according to relative land holdings, not relative values. We perceive no abuse of discretion in the court's ruling and, therefore, uphold the exclusion of the appraisal. *See Short v. Downs*, 36 Colo.App. 109, 537 P.2d 754 (1975).

### III

ITC also asserts that the trial court erred by ordering a sale of the entire property without providing for partial redemption. We disagree.

Generally, a property sold en masse, must be redeemed en masse regardless of whether the redeeming party holds a lien on less than the entire property sold. Sections 38–39–102 and 38–39–103, C.R.S. (1982 Repl.Vol. 16A); *Walker v. Wallace*, 79 Colo. 380, 246 P. 553 (1926); *Pheney v. Western National Bank*, 762 P.2d 693 (Colo.App.1988). In *First National Bank v. Energy Fuels Corp.*, 200 Colo. 540, 618 P.2d 1115 (1980), the supreme court carved out an exception to the rule against partial redemption in cases in which the lien of a junior lienor encumbered only one joint tenant's undivided interest in the property. Because that exception is inapplicable here, the trial court properly refused to order partial redemption.

We decline to address ITC's argument for separate sales as ITC objected only to the redemption issue in the proceedings below, not to the court's order holding that the entire property be sold. *See Christensen v. Hoover*, 643 P.2d 525 (Colo.1982) (defenses and objections not presented to the trial court are deemed waived for purposes of appeal).

### IV

ITC next claims that the trial court erred when it entered summary judgment in favor of WSF. We find no error.

WSF submitted an affidavit in compliance with the trial court's pre-trial order claiming, that based upon its completed contract with BRAI, it was owed $52,916.96 for services rendered, late charges, recording costs, and filing fees. BRAI filed a counter-affidavit claiming that it owed only $3,198, pursuant to a billing of some eighteen months earlier. The counter-affidavit incorporated BRAI's contract with WSF which provided for a dollar per acre per week late charge. ITC also submitted an unsworn response to WSF's affidavit; however, the response disputed the amount and nature of the lien only by incorporating ITC's motion for summary judgment and BRAI's affidavit. BRAI subsequently withdrew its affidavit after stipulating to the total amount claimed by WSF.

After denying ITC's motion for summary judgment which erroneously contended that the improvements were built on property owned by the town of Breckenridge and having received no other evidence or legal argument contesting WSF's lien, the trial court entered summary judgment on WSF's behalf. ITC now argues that it is not precluded from attacking WSF's lien because WSF has no legal right to the lien under the statute. Alternatively, ITC argues that regardless of whether WSF is entitled to a lien, no mechanics' lien award may include late charges.

■ When no objection is made to the pre-trial order, the matters determined by the order have the force and effect of a stipulation among the parties. *Greenlawn Sprinkler Corp. v. Forsberg*, 170 Colo. 286, 461 P.2d 22 (1969). The record indicates that ITC consented both to the form and content of the order. Therefore, in view of ITC's failure to challenge WSF's lien in any meaningful way in the manner prescribed by the pre-trial order, we need not reach the legal issues asserted by ITC, and instead, uphold the trial court's entry of summary judgment.

■ Furthermore, under the facts at issue, ITC's contention that WSF may not include late charges in its claim under the mechanics' lien statute is unpersuasive. Section 38–22–101(2) states that: "In case

of a contract for the work, between the reputed owner and a contractor, the lien shall extend to the entire contract price...." Thus, under circumstances in which, as here, it is undisputed that the lien claimant fully performed its contract with the owner, the claimant is entitled to the entire contract price. *See Stewart v. Talbott*, 58 Colo. 563, 146 P. 771 (1915); *C & W Electric, Inc. v. Casa Dorado Corp.*, 34 Colo.App. 117, 523 P.2d 137 (1974).

ITC's reliance upon *Heating & Plumbing Engineers, Inc. v. H.J. Wilson, Co.*, 698 P.2d 1364 (Colo.App.1984) is misplaced. There, the claimant refused to sign the formal contract documents and thereby breached its commitment to agree to perform change-order work without markup for overhead and profit, the condition upon which it was authorized to proceed immediately with the job. Thus, the trial court found that the claimant had breached the contract and that the benefits conferred upon the property by claimant's minimal entry on the job was worth only $180. Accordingly, the court concluded there was no justification in claimant's filing a lien based upon its low bid price of $1,700,000, for the entire project. Hence, that language in *Heating & Plumbing Engineers* relied upon by ITC must be read in context with the factual situation therein, and is inapplicable when a claimant has in fact complied with all of the conditions of the contract.

V

■ Finally, ITC appeals the award of attorney fees to Delaware. We agree that that award may not stand.

At the time ITC moved for summary judgment based on its claim that all of the improvements had been made on property owned by the Town of Breckenridge, discovery between the parties had not yet conclusively established that the claim was false. However, once it became clear that the claim could not be substantiated, counsel for ITC agreed not to pursue it. Therefore, because the claim was not substantially groundless or frivolous at the time it

was raised and because counsel did not persist in maintaining it once it was proven false, we hold that the fees were improperly awarded. *See* § 13–17–102(5), C.R.S. (1987 Repl.Vol. 6A); *Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984).

In view of our disposition of the foregoing issues, it is unnecessary for us to discuss the particular arguments made in regard to the apportionment of Miller's lien. Similarly, we need not reach the issue of whether the trial court committed error by reversing its prior grant of ITC's motion for an extension of time since that issue has been rendered moot by our decision. We also find no merit to Delaware's argument that ITC waived the apportionment and partial redemption issues by failing to plead them in its answer. Regardless of whether Delaware's assertion is correct, those issues were tried on their merits without objection from the parties and, therefore, can be treated as if raised by the pleadings under C.R.C.P. 15(b).

That part of the judgment awarding attorney fees to Delaware is reversed. In all other respects, the judgment is affirmed.

JONES and REED, JJ., concur.