Cunningham, Presiding Judge.
On March 26, 1908, plaintiff filed his complaint in Jhe district court to recover damages for the violation *66 of a contract or agreement whereby he was to perform for the defendant certain work in and about the construction of man-holes and flushers, which constituted, or were to constitute, a part of a sanitary sewer system in the city of Denver. After having completed a portion of the work covered by the contract, plaintiff ceased working. lie avers that the defendant violated the agreement, while the defendant claims that the plaintiff, without cause, ceased work, and became thereby responsible for the breaking of the contract. Certain modifications as to prices for different items of work were made by mutual consent of the parties, after the plaintiff had entered upon the work, but we think these modifications did not constitute a new contract, as appellant contends.
Plaintiff alleges that at the time the contract was broken by the defendant there remained work to be performed under the contract upon which he would have made a clear profit, had he been permitted to complete the same, of $1,500. This is denied by the defendant.
The jury, upon conflicting evidence, found that the plaintiff was entitled to recover $739.50, and judgment for that amount was entered in favor of plaintiff. The evidence adduced by the plaintiff to support his damages is not in all respects clear and satisfying, but an examination of the entire evidence discloses sufficient grounds to support the judgment. After hearing all the evidence, and the motion for a new trial, 'the trial judge evidently took this view of the matter, and we cannot say that he was not warranted in so doing.
The supreme court of West Virginia, commenting upon the duty of appellate courts, when reviewing a judgment based upon conflicting testimony, uses this language:
“If, after the most careful scrutiny, the conflicting testimony leaves the case in such a pivotal condition that it is a matter of doubt as to which side ought to prevail, *67 it becoming a mere matter of conjecture, this court will not disturb the determination of the lower court, in obedience to another well-established rule, that the burden is on the appellant to affirmatively show error to his prejudice.” — Ward v. Ward, 43 W. Va., 1-10, 26 S. E., 542, 546.

Judgment Affirmed.