## No. 9950.

## CLARK *v.* GREGG, WHITEHEAD & CO.

Decided January 9, 1922.

Action on promissory note.  Judgment for plaintiff.

*Reversed.*

1.  BILLS AND NOTES—*Promissory Note—Executed by Trustee.*  One who executes a promissory note as "trustee," it being understood by all parties to the transaction that he was acting for

himself and as the agent of other known parties, cannot be held personally and singly liable for the full amount of the note at the suit of the payee.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. PAUL M. CLARK, *pro se,* Mr. J. H. BURKHARDT, Mr. L. F. TWITCHELL, for plaintiff in error.

Messrs. DANA, BLOUNT & SILVERSTEIN, for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE defendants in error, a copartnership, brought an action against the plaintiff in error, and three others, upon a promissory note executed by the plaintiff in error, and had judgment. The cause is before us on error.

The complaint charged that the four defendants purchased from the plaintiff 2,000 shares of the capital stock of The Lusk Royalty Company, and as part payment therefor, caused defendant Clark "as trustee for all of said defendants to, and said Paul M. Clark did, make, execute and deliver to plaintiff a promissory note" etc. The note is attached as an exhibit and made a part of the complaint. It is in the usual form of a collateral note, and recites that the maker had deposited with the payee 2,000 shares of The Lusk Royalty Company stock. The note was signed by Clark "trustee." The prayer of the complaint is for judgment "against the defendants and each of them." Defendants Loehwing and Ickes filed a joint demurrer. The demurrer was sustained, and the action dismissed as to them. Clark, after the overruling of his demurrer to the complaint, answered and a demurrer to the answer was sustained. He thereupon filed an amended answer in which he set up that the note was given by him as trustee, for all the defendants, and that the trust included the holding of the title to said stock, that it was understood and agreed

by all the parties that he would not be personally liable on the note, or for the purchase price of the stock, and that each of the four defendants should be liable for one-fourth of the obligation.   The demurrer to the amended answer having been sustained, Clark elected to stand upon his demurrer.   Judgment was accordingly rendered against him, and he brings the cause here on error.   It does not appear that the fourth defendant appeared or was served in the action.   The parties have presented arguments pro and con upon the question of the right of a person having signed a note with the word "trustee" appended to his signature, to introduce evidence as to the extent and character of the trust, but that question seems to have been eliminated from the case by the complaint itself, which sets up substantially all that the defendant undertook to show as to the trust.   Under the allegations of the complaint, Clark was in effect acting as agent for purchasers of the stock, and the answer so states.   The payee of the note being fully advised of that fact cannot now hold Clark as principal.   His agency was well known, it was not the intent to make him personally and singly liable, and because of that fact he is not liable to any greater extent than are the other three buyers of the stock.   Clark was, according to the complaint, acting in a dual capacity, as one of the four persons who bought the stock, and whose debt was to be evidenced by the note, and as agent for the four.   If Loehwing and Ickes were not liable under the allegations of the complaint, it must be that Clark was held merely because he executed the note.   That is not the theory of the complaint; all the facts having been set out which make the four persons liable, and the prayer being for judgment against them all.

It is assigned as error that the action was dismissed as to the two defendants named.   Clark's answer alleged the facts, setting out in detail what was alleged in the complaint, and which, if established, would show that the plaintiffs are not entitled to a judgment against Clark alone. The court erred in dismissing the action as to two defend-

ants, and in sustaining a demurrer to Clark's amended answer.

The judgment is accordingly reversed and remanded with instructions for further proceedings in harmony with the views herein expressed.

MR. JUSTICE ALLEN and MR. JUSTICE BURKE concur.