No. 19,098.

FRED SAGO *v.* PAUL J. ASHFORD.
(358 P. [2d] 599)

Decided January 16, 1961.

Mr. HARRY H. RUSTON, for plaintiff in error.

Mr. ROBERT L. McDOUGAL, for defendant in error.

*En Banc.*

Mr. CHIEF JUSTICE HALL delivered the opinion of the Court.

THE parties appear here in reverse order of their appearance in the trial court. We refer to Sago by name or as defendant, and to Ashford as plaintiff.

Plaintiff, as the assignee of Ray Bittle Steel Fabricator, had judgment against Sago for $834.30, the balance due on the purchase price of a "hydraulic power cutter."

The amount due and unpaid is not disputed. The only

question involved is — is the debt the individual debt of Sago or is it the debt of the Howard Sand and Gravel Company (not a party to this action), a Colorado corporation in good standing on the date of purchase, Sago then being the president of the corporation?

There is no conflict in the testimony as to what actually took place, though the parties profess divergent contentions as to who was purchasing and who should pay.

The trial court made findings to the effect that Sago and not the corporation purchased the cutter and was answerable for the unpaid portion of the purchase price and entered judgment accordingly.

Sago is here by writ of error seeking reversal and urges that the debt is that of the corporation.

The contract in question consists of a letter from Ray Bittle Steel Fabricator directed to "Howard Sand and Gravel Co. — Mr. Fred Sago." The salutation is: "Dear Mr. Sago:." The body of the letter described the hydraulic power cutter head to be furnished and outlined the terms of sale. It is signed "Yours truly, Ray Bittle Steel Fab." Below this signature appears the following:

"We wish to order this equipment as specified above.

Signed Fred Sago"

(Signature of Purchaser)

The trial court applied the rule that if one signs his name to a simple contract without designating that he does so as an officer or agent, or in a representative capacity acting for and in behalf of another, the principal's name not appearing in the instrument as principal of the person signing, the one signing is personally liable on a contract so signed. We approve the rule and its application to this case. Otherwise, every agreement bearing an individual signature might be questioned and the door opened to fraud. *Tannatt v. National Bank,* 1 Colo. 278; *Otis Elevator Co. v. Berry,* 28 Cal. App. (2d) 430, 82 P. (2d) 704; 2 Am. Jur. 195.

The record discloses that the trial court allowed ex-

trinsic evidence to be introduced in an effort to determine the true intention of the parties as evidenced by the contract. The facts produced were not in conflict. Such evidence was sufficient to warrant a special finding that neither the instrument itself nor other circumstances advised the seller of the existence of the corporation or the claimed representative capacity of Sago. *Clark v. Gregg, et al.,* 70 Colo. 583, 203 Pac. 658.

The judgment is affirmed.

MR. JUSTICE FRANTZ concurs in the result.

MR. JUSTICE McWILLIAMS did not participate.