406 P.2d 30

**MORTGAGE INVESTMENT CO., Inc.,**
**Plaintiff and Respondent,**

**v.**

**Spencer W. TOONE, Defendant and**
**Appellant.**

**No. 10311.**

Supreme Court of Utah.

Sept. 24, 1965.

William J. Cayias, Ronald N. Boyce, Salt Lake City, for appellant.

Dudley M. Amoss, Salt Lake City, for respondent.

CROCKETT, Justice.

Plaintiff Mortgage Investment Co., Inc., assignee of a uniform real estate contract sued to recover $7,596.22 delinquent payments thereon, plus attorney fees and costs, against the defendant Spencer W. Toone, the purchaser named in said contract. The trial court granted plaintiff's motion for summary judgment. Defendant appeals.

In December, 1962, the Northwestern Investment Company and Spencer W. Toone entered into a uniform real estate contract by which the former agreed to sell and the latter agreed to buy the real property known as 3324 West 3540 South, Salt Lake City. Later in the same month, plaintiff purchased and took an assignment of the contract from Northwestern. It provides for semi-annual payments of $3,925 to be made in May and October of each year. When the first payment, for May, 1963, was not made, plaintiff brought this action for that amount and subsequently, by amendment, included the October payment. At the pretrial conference it was made to appear to the court that the amount stated was delinquent and unpaid, and that the defendant had no meritorious defense thereto.

In its brief plaintiff points to three defenses asserted by defendant: (1) lack of consideration, (2) another outstanding agreement covering the same property between the parties, and (3) that defendant signed the contract only as agent for another; and makes the following colorful characterization of them: as to (1) "ridiculous," as to (2) "preposterous," and as to (3) "unsupportable by the wildest stretch of the imagination." We are in accord with the view of the trial court as to the lack of merit in the asserted defenses, though not in the terms chosen by the plaintiff.

As to (1), this is a contract duly executed by the parties containing mutual obligations which are consideration for each other. As to (2), it is not made to appear what the claim of another contract between the parties on this property has to do with the instant one, nor how the former could affect the validity of the latter. As to (3), the contract names the defendant as purchaser, and he personally signed it without indicating that he was an agent acting for a principal. He is therefore personally bound by the contract which he signed in his in-

dividual capacity. See 3 Am.Jur.2d, Agency, Sections 192, 575.

Judgment affirmed. Costs to plaintiff (respondent).

HENRIOD, C. J., and WADE, McDONOUGH and CALLISTER, JJ., concur.