534 P.2d 635 (1975)
MERSHON GIMENO CONSTRUCTION CO., a Colorado Corporation, Plaintiff-Appellee,
v.
Don ROBINSON, a/k/a Donald G. Robinson, d/b/a Associated Roofing and Associated Roofing, Inc., a Colorado Corporation, Defendants-Appellants.
No. 73-338.
Colorado Court of Appeals, Div. I.
February 11, 1975.
Rehearing Denied March 11, 1975.
*636 Isaac S. Willson, Wheat Ridge, for plaintiff-appellee.
C. J. Berardini, Denver, for defendants-appellants.
Not Selected for Official Publication.
BERMAN, Judge.
Plaintiff brought this action for damages based on alleged breach of contract. Plaintiff, general contractor for the construction of a condominium complex, entered into the contract in question with defendant Don Robinson, owner of Associated Roofing (Associated), for the installation of an "elastomeric deck system" on the condominium complex. The contract called for the construction of the deck system "according to the plans and specifications as prepared by Charles S. Sink. . . architect." An addendum to the contract was entered into between plaintiff and defendant corporation which set out additional conditions and requirements. Upon completion of the project, the architect rejected the work done by defendants. Corrective measures were made by Associated and the defendant corporation; however, these measures still did not meet with the approval of the architect and the project was again rejected. Another roofing company was obtained to rectify the alleged deficiencies in the project, and plaintiff instituted this action.
Upon trial to the court, it found that defendants had breached both the contract agreement and the addendum; that it was necessary for plaintiff to enter into a further contract for completion of the work for a total price of $4,515; that pursuant to the contract, defendants agreed to defray all legal and court expenses in the event legal action became necessary; that reasonable attorney fees were $1,000; and that defendants did not sustain the burden of proof necessary to support their counterclaim. The court entered judgment against defendants, jointly and severally, for damages, interest, and attorney fees in *637 the amount of $6,157. Defendants' motion for a new trial was denied, and this appeal followed. We affirm.
Defendants' major allegations of error challenge the sufficiency of the evidence to support the findings of the trial court.
The determination of whether a party has performed under a contract is a question of fact. Little Thompson Water Ass'n v. Strawn, 171 Colo. 295, 466 P.2d 915; Bator v. Mines Development, Inc., 32 Colo.App. 320, 513 P.2d 220. Where there is evidence in the record to sustain the findings and conclusions of the trial court, they will not be disturbed on review. Newcomb v. Schaeffler, 131 Colo. 56, 279 P.2d 409.
There is sufficient evidence to support the findings that the contract and the addendum had been breached, particularly testimony of defendant Robinson that he would have rejected the work performed. Defendants presented evidence that inclement weather affected the working conditions and that plaintiff "assumed the risk of structural defects in the roof." However, as was its prerogative, the trial court found against defendants on this evidence. We find no error in these findings and conclusions of the trial court.
Defendants also contend that the trial court committed error by imposing joint and several liability on them. This contention is based on Robinson's testimony that Associated became incorporated subsequent to entering into the contract, but prior to the signing of the addendum. The addendum in question provided for payment for extra work and required compliance with additional conditions. The original contract remained in full force and effect with respect to all of its terms, and the addendum did not substitute the liability of the corporation for the previous liability of Robinson under the contract. See National Construction Co. v. Owens, 24 Colo.App. 65, 131 P. 794. The nonexistence of a corporation at the signing of the contract makes defendant Robinson personally liable. Bonfils v. Hayes, 70 Colo. 336, 201 P. 677, and Sago v. Ashford, 145 Colo. 289, 358 P.2d 599. There is no allegation or evidence that plaintiff would look only to the corporation and not Robinson for liability under the contract. See Conqueror Gold Mining & Milling Co. v. Ashton, 39 Colo. 133, 90 P. 1124; also Quaker Hill, Inc., v. Parr, 148 Colo. 45, 364 P.2d 1056.
The trial court properly awarded plaintiff costs and attorney fees; however, plaintiff claims that it is entitled to an award of additional attorney fees incurred in this appeal in the event it is successful in defending its judgment. We agree. Zambruk v. Perlmutter 3rd Generation Builders, Inc., 32 Colo.App. 276, 510 P.2d 472. In accordance with the procedure set forth in Zambruk, supra, the trial court is directed to hold a hearing for the determination of the "reasonable value of the services of [plaintiff's] counsel in defending this matter on appeal and . . . to enter judgment against defendants for that amount in addition to the judgment previously entered and herein affirmed."
Judgment affirmed and cause remanded for further proceedings not inconsistent with this opinion.
COYTE and KELLY, JJ., concur.