**Bill ANDERSON, Plaintiff and Respondent,**

v.

**Jay GARDNER, KMOR Radio and Seagull Enterprises, Inc., Defendants and Appellant.**

**No. 17050.**

Supreme Court of Utah.

May 20, 1982.

Gary A. Frank, Murray, for defendants and appellants.

Neils E. Mortenson, Salt Lake City, for plaintiff and respondent.

OAKS, Justice:

This case requires us to apply the rules governing when a person's signature on a contract will subject him to personal liability and when his signature will be solely in a representative capacity for another person or entity named or unnamed in the contract. The lower court found that defendant, who signed the contracts, was personally liable. We affirm.

Defendant was the general manager of radio station KMOR. His duties included obtaining various country and western artists for concerts. On November 14, 1974, defendant and plaintiff, a country and western performer, signed contracts for the performance of two concerts in Utah. Plaintiff gave the concerts and received

$2,600 of the agreed compensation in cash. The balance of the agreed amount, $4,400, was paid to plaintiff in the form of two checks signed by defendant and drawn on the account of Seagull Enterprises, Inc., of which defendant was vice president. The record is unclear on the relationship of Seagull Enterprises to radio station KMOR at the time the checks were issued. At the time the contract was signed, Seagull was awaiting formal FCC approval to acquire KMOR from its then owner, a third party not named or involved in this controversy. When the two checks were not honored for payment, plaintiff initiated this action against Seagull and defendant to collect the $4,400 balance due on the contracts. Seagull is now insolvent and is not a party to this appeal.

The printed contracts for the concerts began by identifying the parties as "the undersigned employer" and "musicians," represented by "the leader." The "employer" was identified by name only on the signature line, which appears as follows:

I have read the above addition provisions No. 1 through No. 8 and do hereby agree:

| Mr. Jay Gardner – KMOR RADIO | BILL ANDERSON |
|---|---|
| Employer's Name | Leader's Name |

| s/ Jay Gardner | s/ Bill Anderson |
|---|---|
| Signature of Employer | Signature of Leader |

The words under each line are printed on the form. The words above each line are typewritten or signed, as noted.

The district court found that the contract was "signed by Jay Gardner [defendant] personally. . . ." We perceive no basis to upset that finding and conclusion.

The basic rule of personal responsibility on contracts is declared and applied in *Mortgage Investment Co. v. Toone*, 17 Utah 2d 152, 153–54, 406 P.2d 30, 31 (1965), as follows:

[T]he contract names the defendant as purchaser, and he personally signed it without indicating that he was an agent acting for a principal. He is therefore personally bound by the contract which he signed in his individual capacity.

*Accord Western Machinery Co. v. Northwestern Improvement Co.*, 254 F.2d 453 (9th Cir. 1957); *Sago v. Ashford*, 145 Colo. 289, 358 P.2d 599 (1961). Did this contract document indicate that defendant was "an agent acting for a principal?" We hold that it did not.

■ Defendant argues that the court should consider extrinsic evidence of the parties' intent. However, "[i]t is only when an ambiguity exists which cannot be reconciled by an objective and reasonable interpretation of the contract as a whole that resort may be had to the use of extrinsic evidence." *Utah Valley Bank v. Tanner*, Utah, 636 P.2d 1060, 1062 (1981); *Land v. Land*, Utah, 605 P.2d 1248, 1251 (1980); *Wingets, Inc. v. Bitters*, 28 Utah 2d 231, 234, 500 P.2d 1007, 1009 (1972). We therefore look to the contract to see whether there are ambiguities pertinent to this controversy that cannot be resolved within the content of that document.

■ The only name appearing in the contract other than defendant's was "KMOR RADIO" typed following defendant's name on the line marked "Employer's name." Considered in isolation, those words are ambiguous, perhaps signifying an entity that was co-obligor or sole obligor or perhaps merely identifying defendant's affiliation or location. Relevant to that question is the district court's finding, not challenged by defendant, that KMOR Radio was not a corporation or a registered dba. But the key fact is the "signature of employer," considered in the context of the entire document and especially the words immediately preceding it, as we stressed in *Utah Valley Bank v. Tanner, supra*. The signature is that of defendant alone, without any indication that he is signing for any other party or in any other capacity than for himself. Defendant's personal liability follows from that unqualified signature. *Mortgage Investment Co. v. Toone, supra*. There is no ambiguity in this contract to permit the use of extrinsic evidence to attempt to relieve him from that liability.

The rule applied in this case is codified in the case of commercial paper such as prom-

issory notes or checks by the Uniform Commercial Code, U.C.A., 1953, § 70A–3–403(2)(a). Under that section an "authorized representative" who signs his name to an "instrument" is nevertheless personally obligated "if the instrument neither names the person represented nor shows that the representative signed in a representative capacity . . . ." We believe that this rule, which was applied in *Sterling Press v. Pettit,* Utah, 580 P.2d 599, 600 (1978), is a sound rule for contracts as well as for commercial paper, and an appropriate elaboration on our decision in *Mortgage Investment Co. v. Toone, supra.* The rule dictates that the judgment against the defendant in this case be affirmed. Costs to respondent.

HALL, C. J., HOWE, J., and SAWAYA, District Judge, concur.

STEWART, J., dissents.

DURHAM, J., does not participate herein.