This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                         No. 35,221

**RUBEN FLOREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. W. Schoobridge, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Sergio Viscoli, Appellate Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1} Defendant seeks review of his convictions for three counts of assault on a peace officer. This Court issued a notice of proposed disposition proposing to dismiss Defendant's appeal for lack of a final, appealable order. Defendant has filed a memorandum opposing this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we dismiss Defendant's appeal.

{2} As we pointed out in this Court's notice, the jury's verdict was entered on August 3, 2015, and on October 7, 2015, Defendant filed a motion for new trial on the grounds of newly discovered evidence. We noted that the motion was scheduled to be addressed at the sentencing hearing, but that a judgment and sentence was entered on October 22, 2015, and nothing in the notice expressly disposed of the motion for new trial. As a result, we proposed to conclude that, in the absence of an order expressly disposing of Defendant's motion for new trial, there was not a final order from which Defendant could appeal. [CN 1]

{3} In support of our proposed disposition, we noted that our precedent acknowledged that the "timely filing of a post-judgment motion pursuant to Rule 5-801 [NMRA] suspends the finality of the preceding judgment and sentence until such time as a written ruling upon the motion is entered." *See State v. Romero*, 2014-NMCA-063, ¶ 8, 327 P.3d 525. Further, we suggested that there exists little basis for treating a motion for new trial filed prior to the entry of a final judgment or

within thirty days of a final judgment any differently from a motion filed pursuant to Rule 5-801. Thus, we suggested that if a motion for new trial based on newly discovered evidence is filed within thirty days of what would otherwise be a final judgment, then the motion must be expressly ruled on before jurisdiction is conveyed to this Court.

{4}     In response, Defendant contends that the motion for new trial *was* expressly ruled on. In support of his argument, Defendant directs this Court to page 76 of the record proper. Defendant asserts that "[t]he district court denied the motion for a new trial on October 19, 2015[,] in a document simply titled 'COURT PROCEEDINGS' which was filed in the district court on October 21, 2015[,] and made a part of the record proper for this appeal thereafter." [MIO 1]

{5}     Having reviewed this document, we note that it is not an order by a judge expressly ruling on the motion, but merely a clerical notation in the record reflecting the judge's oral ruling. [RP 76] As such, it is insufficient to convey the finality necessary to support the current appeal. *See* Rule 12-201(D)(1) NMRA (providing that, when a post-judgment motion is filed, "the full time prescribed in this rule for the filing of the notice of appeal shall commence to run and be computed from the filing *of an order* expressly disposing of the last such remaining motion" (emphasis added)); *Harrison v. ICX, Ill.-Cal. Express, Inc.*, 1982-NMCA-089, ¶ 4, 98 N.M. 247, 647 P.2d

3

880 ("[A]ppeals will lie only from a formal written order or judgment signed by the judge and filed in the case, or entered upon the records of the court and signed by the judge thereof." (internal quotation marks and citation omitted)), *abrogated on other grounds by Martinez v. Friede*, 2004-NMSC-006, ¶¶ 25-26, 135 N.M. 171, 86 P.3d 596.

{6}     Accordingly, we dismiss Defendant's appeal as prematurely filed.

{7}     **IT IS SO ORDERED.**


_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

**JONATHAN B. SUTIN, Judge**


_____

**TIMOTHY L. GARCIA, Judge**

4